# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-223 PA (FFMx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | Peter McCawley, et al. v. Eckert Seamens Cherin & Mellott, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Exkert Seamans Cherin & Mellott, LLC (erroneously sued as Eckert Semens Cherin & Mellott, LLC) and John Talvacchia (collectively "Defendants"). In their Notice of Removal, Defendants assert that this Court has jurisdiction over the action brought against them by plaintiffs Peter McCawley, Gregg Ruth, and Lina Acorda (collectively "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-223 PA (FFMx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | Peter McCawley, et al. v. Eckert Seamens Cherin & Mellott, LLC, et al. | | |

LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

     The Notice of Removal alleges that "Plaintiff McCawley is a resident of California, residing in the County of Ventura (Compl. para. 1); Plaintiff Ruth is a resident of California, residing in the County of Los Angeles (Compl. para. 2); (c) Plaintiff Acorda is a resident of California, residing in the County of Los Angeles (Compl. para. 3); (d) Defendant Eckert Seamans Cherin & Mellott, LLC is a Pennsylvania limited liability company with its principal office in Pittsburgh, Pennsylvania, no member of Defendant Eckert Seamans is a California resident, and Defendant Exckert Seamans does not have any office in California; and (e) Defendant John Talvacchia is a citizen of the State of Massachusetts." (Notice of Removal, ¶ 5.) As the Notice of Removal indicates, the Complaint, alleges only Plaintiffs' residence. Because residence is not the same as citizenship, the Notice of Removal's allegations regarding Plaintiffs' residence are insufficient to establish Plaintiffs' citizenship. Moreover, by only alleging that "no member of Defendant Eckert Seamans is a California resident," Defendants have not satisfactorily alleged their own citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

     For all of the foregoing reasons, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Ventura Superior Court, Case No. 56-2014-00460557-CU-NP-VTA. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.