UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-223 PA (FFMx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | Peter McCawley, et al. v. Eckert Seamens Cherin & Mellott, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

      The Court has received an "Amended Notice of Removal" filed by defendants Eckert Seamans Cherin & Mellott, LLC (erroneously sued as Eckert Semens Cherin & Mellott, LLC) and John Talvacchia (collectively "Defendants").  Defendants have apparently filed the Amended Notice of Removal in response to this Court's order remanding the action to Ventura Superior Court as a result of Defendants' failure to satisfy their burden to prove the existence of this Court's diversity jurisdiction.

      Defendants' efforts to cure the deficiencies in their original Notice of Removal is insufficient.  The Court has already remanded the action to Ventura Superior Court and administratively closed the action in this Court.  As a result, there is no longer an open action pending in this Court that can be effectively amended.  A remand order is not reviewable "on appeal or otherwise."  28 U.S.C. § 1447(d).  "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court."  Seedman v. U.S. Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988).  Indeed, the Supreme Court has reiterated that there is no distinction between remands based on procedural and subject matter jurisdiction grounds: "the bar of § 1447(d) applies only to remands based on the grounds specified in § 1447(c), that is, a defect in removal procedure or lack of subject matter jurisdiction."  Kircher v. Putnam Funds Trust, 547 U.S. 633, 640, 126 S. Ct. 2145, 2153, 165 L. Ed. 2d 92 (2006); see also id. ("[W]e have relentlessly repeated that 'any remand order issued on the grounds specified in § 1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court.'") (quoting Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S. Ct. 584, 593, 46 L. Ed. 2d 542 (1976) (alteration in original)).

      Defendants' efforts to amend their Notice of Removal after the case has already been remanded, on the same grounds that they original sought to remove the action, is an impermissible successive removal.  A second removal is permissible when made on new grounds arising from subsequent pleadings or events.  See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added).  However, a party cannot remove a case twice based on the same grounds.  See Seedman v. U.S. Dist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-223 PA (FFMx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | Peter McCawley, et al. v. Eckert Seamens Cherin & Mellott, LLC, et al. | | |

Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

      Defendants' Amended Notice of Removal merely contains additional facts about Defendants that they had access to but failed to allege when they filed their original Notice of Removal. Defendants' new allegations are insufficient to support a proper successive removal. They do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since the Court remanded the action. A defendant is presumed to know the facts surrounding his own citizenship. See, e.g., Dugdale v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that, even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes"). As such, Defendants have impermissibly attempted to remove this action twice on the same grounds. Such successive removals are improper and unjustified.

      For all of the foregoing reasons, Defendants' Amended Notice of Removal has not successfully relieved Defendants of the Court's order remanding this action to Ventura Superior Court. This action is pending in Ventura Superior Court and remains closed in this Court.

      IT IS SO ORDERED.